NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4309-15T3

DUMONT BOARD OF EDUCATION,

 Plaintiff-Appellant,

v.

BOROUGH OF DUMONT,

 Defendant-Respondent.
________________________________

 Submitted September 28, 2017 – Decided October 11, 2017

 Before Judges Simonelli, Haas and Gooden
 Brown.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 2099-16.

 Plosia Cohen, LLC, attorneys for appellant
 (James L. Plosia, Jr. and Jonathan F. Cohen,
 of counsel and on the brief; Gordon N. Litwin
 and Andrew J. Provence, on the briefs).

 Gregg F. Paster & Associates, attorneys for
 respondent (Gregg F. Paster, of counsel and
 on the brief; Alfred A. Egenhofer, on the
 brief).

PER CURIAM
 Plaintiff Dumont Board of Education appeals from a May 24,

2016 Law Division order dismissing its complaint against defendant

Borough of Dumont seeking, among other things, the reversion of a

parcel of land (the Property) to the Board. We dismiss the appeal

as moot.

 In 1962, the Board conveyed the Property to the Borough.

Pursuant to the parties' contract of sale, the Borough agreed to

use the Property, which included a schoolhouse, for a borough hall

and other allied "municipal purposes[.]" The contract also

contained a reverter clause that stated:

 [I]n the event the Mayor and Council of the
 Borough of Dumont shall, at some future date,
 adopt a resolution declaring that it is no
 longer in the public interest of the Borough
 . . . to continue to use the premises in
 question, then before the Mayor and Council
 . . . shall have the legal right either to
 sell or to transfer and convey the premises
 in question to any third party, the . . .
 Mayor and Council . . . shall first offer to
 convey, transfer and give the premises in
 question, together with all improvements which
 may then be situated on said premises, to the
 Board of Education . . . and said transfer and
 conveyance to be made without any
 consideration to be paid for same.

 The Borough used the Property as a borough hall and to house

its police department until 2014, when the county health department

determined that the building was uninhabitable due to problems

with mold. Although the former schoolhouse had to be closed, the

 2 A-4309-15T3
Borough brought trailers to the Property for police department

use.

 During the period between 2014 and 2016, the Borough engaged

in settlement discussions with a builder that had commenced

litigation seeking to construct affordable housing in the

municipality. As a result of these negotiations, the Borough and

the builder began to consider using the Property as a site for at

least some of this housing.

 In February 2016, the Borough adopted a resolution

designating the Property as "an 'area in need of redevelopment

pursuant' to the criteria contained in N.J.S.A. 40A:12A-6[.]" The

next month, the Borough passed a resolution approving a settlement

it had reached with the builder. Under the terms of the

settlement, the builder had the option to construct affordable

housing units on one of two separate locations. Under one option,

the builder would construct units on the Property as well as on a

nearby former farm. Under this option, the builder would also

construct new office space on the Property for municipal use.

Under the second option, the builder would build all of the units

on the site of the former farm and the Property would not be a

part of the project.

 Upon learning of the settlement, the Board filed its

complaint, arguing that the settlement triggered the right of

 3 A-4309-15T3
first refusal provision of the parties' 1962 agreement and the

Property should now revert to the Board. Following oral argument,

the trial judge rendered a detailed written decision dismissing

the Board's complaint.

 The judge found that because the Borough would continue to

use the Property for municipal offices, and the affordable housing

on the site would also serve a municipal purpose, the reverter

provision of the 1962 agreement had not been triggered. The judge

also rejected the Board's argument that the redevelopment

designation for the Property was flawed and that the settlement

"violate[d] local redevelopment and housing law."

 On June 10, 2016, the Board filed its notice of appeal. On

November 1, 2016, however, the Borough and the builder decided

that all of the affordable housing units would be constructed on

the site of the former farm, rather than on the Property. Thus,

the Borough is continuing to use the Property for its police

department and it has no current plans to sell, transfer, or convey

the Property to any other party.

 With this development, the issues presented in this appeal

are now clearly moot. "A case is moot if the disputed issue has

been resolved, at least with respect to the parties who instituted

the litigation." Caput Mortuum, L.L.C. v. S&S Crown Servs., Ltd.,

366 N.J. Super. 323, 330 (App. Div. 2004). "[C]ontroversies which

 4 A-4309-15T3
have become moot or academic prior to judicial resolution

ordinarily will be dismissed." Cinque v. N.J. Dep’t of Corr., 261

N.J. Super. 242, 243 (App. Div. 1993). Dismissal for mootness is

appropriate where "a judgment cannot grant effective relief, or

there is no concrete adversity of interest between the parties."

Caput Mortuum, supra, 366 N.J. Super. at 330. A court may consider

events that occur subsequent to the filing of an appeal in

determining that an appeal is moot. Ibid. (holding that the appeal

was moot after the court was advised at oral argument that the

controversy had been resolved subsequent to the filing of the

appeal).

 Here, the Board's concern about the possible conveyance of

the property to the builder for the construction of affordable

housing has been resolved by the Borough and the builder's

agreement that the housing project will be limited to the site of

the former farm. Therefore, this appeal is now moot.

 The Board asserts that "the over-arching issue in this appeal

is to determine what actions by [the Borough] trigger [the Board's]

reversionary rights" and, therefore, it asks that we issue an

advisory opinion delineating the parties' future rights and

responsibilities under the 1962 agreement. However, "[t]he notion

that a court of appeals willy-nilly can decide issues unnecessary

to the outcome of the case results in the wholesale issuance of

 5 A-4309-15T3
advisory opinions, a practice our judicial decision-making system

categorically rejects." State v. Rose, 206 N.J. 141, 189 (2011).

We are not persuaded that this is a matter of significant public

importance warranting our determination of abstract legal issues

where there is no longer a controversy between the parties. See

Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996) (noting

that "[o]rdinarily, our interest in preserving judicial resources

dictates that we not attempt to resolve legal issues in the

abstract").

 Dismissed.

 6 A-4309-15T3